UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKMAN COULTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CYTEK BIOSCIENCES, INC.,<br><br>Defendant. | Case No. 25-mc-80337-JSC<br><br>**ORDER RE: MOTION TO QUASH RULE 45 SUBPOENA**<br><br>Re: Dkt. No. 1 |

Greg Milosevich filed this miscellaneous action on October 27, 2025 to quash or limit two Rule 45 subpoenas served on him by Cytek Biosciences, Inc. ("Cytek") in patent litigation pending in the District of Delaware, *Beckman Coulter, Inc. v. Cytek Biosciences, Inc.*, 24-cv-00945-CFC-EGT. Cytek shall file a response to the motion by November 14, 2025. Mr. Milosevich's reply, if any, shall be filed by November 21, 2025.

Federal Rule of Civil Procedure 45(f) provides "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a [motion to quash the subpoena] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

> [A]mong the factors courts consider in assessing whether exceptional circumstances exist are (1) the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid unnecessary duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues involved.

*In re Google LLC*, No. 24-MC-80009-VKD, 2024 WL 217842, at *1 (N.D. Cal. Jan. 19, 2024). The Court's review of the motion to quash, as well as the District of Delaware docket in the underlying case, supports a finding of exceptional circumstances. First, much of Mr. Milosevich's

argument is premised on the fact discovery deadline, and the District of Delaware is in the best position to determine the significance of this case management issue.  Second, because Mr. Milosevich contends Cytek has sought identical discovery from Plaintiff, the District of Delaware is also in the best position to evaluate whether this material is relevant and discoverable.  Third, Mr. Milosevich suggests another motion to quash a similar subpoena is pending in a third jurisdiction.  To avoid duplicative and potentially inconsistent rulings, it would make the most sense for the judge presiding over the patent litigation to resolve this dispute.

So, also on or before November 14, 2025, Mr. Milosevich shall advise in writing whether pursuant to Federal Rule of Civil Procedure 45(f) he consents to transfer of this action to the District of Delaware.  And, regardless, the parties' briefs should address whether exceptional circumstances warrant transfer.

**IT IS SO ORDERED.**

Dated: November 10, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge